# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: January 31, 2019

```
* * * * * * * * * * * * *
JOHN SHERIDAN,                   *
                                 *
         Petitioner,             *       No. 17-669V
                                 *       Special Master Sanders
v.                               *
                                 *       Attorneys' Fees and Costs
SECRETARY OF HEALTH              *
AND HUMAN SERVICES,              *
                                 *
         Respondent.             *
* * * * * * * * * * * * *
```

Andrew D. Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner.
Gabrielle M. Fielding, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On May 22, 2017, John Sheridan ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that the influenza ("flu") vaccine he received on January 25, 2016 caused him to develop Transverse Myelitis ("TM"). *See* Stip. at 1, ECF No. 28. On October 25, 2018, the parties filed a stipulation for award of compensation, which the undersigned adopted as her decision awarding damages on November 1, 2018. Decision, ECF No. 29.

On November 1, 2018, Petitioner filed an application for attorneys' fees and costs. ECF No. 30 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

$26,046.27 (representing $24,377.50 in fees and $1,668.77 in costs). Fees App at 1. Pursuant to General Order No. 9, Petitioner has indicated that he has not personally incurred any costs in pursuit of this litigation. *Id.* at 2. Respondent reacted to the motion on November 2, 2018, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3 (ECF No. 32). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I.     Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate ... by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### a.  Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys Forum Hourly Rate Fee Schedules for 2015-2016, 2017, and 2018 can be accessed online.[3]

---

[3] The 2015-2016 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf. The 2017 Fee Schedule can be accessed at:

Petitioner requests the following rates of compensation for the work of her attorneys: for Mr. Andrew Downing, $350.00 per hour for work performed in 2016, $375.00 per hour for work performed in 2017, and $385.00 per hour for work performed in 2018; and for Ms. Courtney Van Cott, $195.00 per hour for work performed in 2016-2017, and $205.00 per hour for work performed in 2018. Petitioner also requests that paralegals be compensated at rates from $100.00 per hour to $135.00 per hour, depending on the year.

The rates requested herein are consistent with what has previously been awarded to Van Cott & Talamante, PLLC attorneys and paralegals. *See Gramza v. Sec'y of Health & Human Servs.*, No. 15-247V, 2018 WL 4697098, at *3 (Fed. Cl. Spec. Mstr. Aug. 17, 2018); *Combs v. Sec'y of Health & Human Servs.*, No. 14-878V, 2018 WL 2772218 (Fed. Cl. Spec. Mstr. Apr. 23, 2018); *Cowles v. Sec'y of Health & Human Servs.*, No. 16-1164V, 2018 WL 277312 (Fed. Cl. Spec. Mstr. Apr. 26, 2018); *Chewiwi v. Sec'y of Health & Human Servs.*, No. 15-954V, 2018 WL 2225074 (Fed. Cl. Spec. Mstr. Apr. 10, 2018). Accordingly, no adjustment to any of the requested rates is required.

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Upon review, the undersigned finds the hours billed by Mr. Downing and Ms. Van Cott to be reasonable. The hours billed by paralegals, however, contain several errors that warrant an overall reduction. First, paralegals billed for administrative tasks such as payment of invoices for medical records. *See, e.g.,* Fees App. at 14-16 (entries on 9/20/16, 9/26/26, 12/9/16, 2/10/17).[4] Other administrative tasks charged for include sending faxes and other mail (entries on 5/5/17, 10/11/18) and bates stamping and otherwise preparing records for filing (entries on 6/5/17, 5/22/17). It is well-established that work such as preparing exhibits for filing, calendaring events, and mailing documents is considered secretarial/clerical work and is not compensable in the Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

Also concerning is that paralegal "DPA" appeared to view 0.2 hours as the minimum amount of time required to complete most tasks. For example, DPA routinely billed 0.2 hours to

_____

http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf. The 2018 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[4] The examples listed herein are merely meant to be illustrative of an issue and are not intended to represent all such instances of the issue in the billing records.

"receive, review and process" all filings made in this case, no matter how mundane or routine they may be, such as the notice of assignment to the undersigned, scheduling orders of the Court, and status reports filed by Respondent. DPA also routinely billed 0.3 hours to "finalize and electronically file" documents such as exhibits and status reports. In the undersigned's experience, all of these tasks are typically billed at 0.1 hours, if they are billed for at all. The undersigned has previously noted that billing in minimum increments greater than 0.1 hours is not permissible in the Vaccine Program. *Meadows v. Sec'y of Health & Human Servs.*, No. 16-861V, 2018 WL 6292565, at *2 (Fed. Cl. Spec. Mstr. Oct. 31, 2018). In the instant case, it is highly unlikely that it took the paralegal 12 minutes to review all status reports or scheduling orders, or that it took 18 minutes file documents via CMECF.

These issues appear to be unique to paralegal DPA. The record indicates that this paralegal billed a total of 26.8 hours for a total of $3,376.50. Fees App. at 22. Accordingly, the undersigned will reduce the total amount billed by DPA by 30%. This results in a total reduction of **$1,012.95**.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $1,668.77 in attorneys' costs. Most of this requested amount is reasonable, as it encompasses the cost of medical records, mailing documents, and the Court's filing fee. However, the undersigned finds the requested fax charges to be unreasonable. Petitioner's counsel has been notified previously that operating the office fax machine is part of a law office's general overhead and thus separate costs should not be charged to individual cases. *Bourche v. Sec'y of Health & Human Servs.*, No. 15-232V, 2017 WL 2480936, at *5 n.5 (Fed. Cl. Spec. Mstr. May 11, 2017). Other special masters have also held that costs associated with faxes are non-compensable. *See Dashty v. Sec'y of Health & Human Servs.*, No. 15-966V, 2018 WL 6990680, at *5 (Fed. Cl. Spec. Mstr. Nov. 21, 2018). The total amount billed for sending and receiving faxes in the instant case is $67.00. Accordingly, the award of attorneys' costs is reduced by **$67.00**.

## II. Conclusion

Based on all of the above, the undersigned finds that Petitioner is entitled to the following award of reasonable attorneys' fees and costs:

| | |
|---|---|
| Attorneys' Fees Requested | $24,377.50 |
| (Reduction to Paralegal Hours) | - ($1,012.95) |
| **Total Attorneys' Fees Awarded** | **$23,364.55** |
| | |
| Attorneys' Costs Requested | $1,668.77 |
| (Reduction of Costs) | - ($67.00) |
| **Total Attorneys' Costs Awarded** | **$1,601.77** |
| | |
| **Total Amount Awarded** | **$24,966.32** |

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than those reductions delineated above, is reasonable. Accordingly, the undersigned hereby awards **a total of $24,966.32 to be issued in the form of a check payable jointly to Petitioner and Petitioner's counsel, Mr. Andrew Downing, of Van Cott & Talamante, PLLC, for attorneys' fees and costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

   **IT IS SO ORDERED.**

            s/Herbrina D. Sanders
            Herbrina D. Sanders
            Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).